UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

KIM SLAUGHTER,

        Plaintiff,

v.                                             Action No. 4:20cv15

EQUIFAX INFORMATION
SERVICES, LLC, et al.,

        Defendants.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

By order of reference dated July 23, 2020, ECF No. 41, this case was referred to the undersigned United States Magistrate Judge for a report and recommendation on defendant Seventh Avenue, Inc.'s motion to dismiss, ECF No. 33, pursuant to the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure.

For the reasons stated herein, the Court **RECOMMENDS** that defendant's motion to dismiss be **DENIED**.

### I.    PROCEDURAL HISTORY

On June 4, 2020, the plaintiff, Kim Slaughter ("Slaughter"), filed an amended complaint against multiple defendants, including Seventh Avenue ("Seventh"). Am. Compl. ("Compl."), ECF No. 25. On June 22, 2020, Seventh filed a motion to dismiss with a memorandum in support. ECF Nos. 33–34. On July 6, 2020, Slaughter filed a memorandum opposing the motion to dismiss, ECF No. 35. On July 13, 2020, Seventh filed a reply to Slaughter's response. ECF No. 37.

## II.     FACTUAL BACKGROUND

On September 9, 2019, Slaughter received her credit disclosure from defendant Equifax Information Services ("Equifax") and noticed allegedly inaccurate monthly payment amounts from multiple furnishers, including Seventh. Compl. ¶ 14. Seventh allegedly reported a current $25.00 monthly payment for an account that was closed and had a zero balance. *Id.* at ¶¶ 8, 12. Slaughter "had ne[i]ther the right nor the obligation to continue making scheduled monthly payments" on the account because "[t]he outstanding balance . . . was accelerated" by Seventh. *Id.* at ¶ 12.

On October 2, 2019, Slaughter sent a letter to Equifax disputing Seventh's alleged error, explaining that the tradelines were closed and she no longer had an obligation to make a monthly payment. *Id.* at ¶¶ 15–16. Seventh received notice of this dispute and "verified to Equifax" that the information was accurate. *Id.* at ¶¶ 17, 20. Seventh did not consult the credit reporting resource guide ("CRRG"), the credit reporting manual created by the three major credit bureaus. *Id.* at ¶¶ 13, 19. On November 12, 2019, Slaughter obtained another credit disclosure from Equifax, which showed that Seventh had "failed or refused" to change the monthly payment to $0.00. *Id.* at ¶ 21.

Slaughter alleges that she "has suffered credit and emotional damages," "undue stress and anxiety," "mental anguish, suffering, humiliation, and embarrassment" as a result of Seventh's alleged negligent violation of the FCRA. *Id.* at ¶¶ 29, 34. In addition to these damages, Slaughter seeks punitive damages and attorneys' fees for Seventh's "willful failure to perform its duties under the FCRA." *Id.* at ¶¶ 40–41.

### III.     STANDARD OF REVIEW

Rule 12(b)(6) provides for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint"; it does "not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999) (quotation and citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While plausibility "is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When reviewing a motion to dismiss, the Court must "assume all [well-pled facts] to be true" and "draw all reasonable inferences in favor of the plaintiff," but it does not "need [to] accept the legal conclusions drawn from the facts, and [] need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citations and internal quotation marks omitted). Accordingly, the Court should only grant a Rule 12(b)(6) motion if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove *any* set of facts in support of [her] claim entitling [her] to relief." *Edwards*, 178 F.3d at 244 (emphasis added).

A motion to dismiss under Rule 12(b)(6) must be considered in light of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a complaint to contain only "a short and plain

3

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

## IV.    ANALYSIS

Seventh asserts that Slaughter's claims fail as a matter of law because she does not dispute the historical accuracy of the $25.00 monthly payment, which is an "actual, past payment amount." Def.'s Brief Supp. Mot. Dismiss ("Def. Brief"), ECF No. 34 at 1; Def.'s Reply in Supp. Mot. Dismiss ("Def. Reply"), ECF No. 37 at 1, 3–4. Seventh cites several cases outside the Fourth Circuit that do not consider reporting accurate historical information, including reporting a historical monthly payment amount for a closed account, to be a violation of the FCRA if it is not misleading. Def. Brief at 4–5. Moreover, Seventh asserts that the CRRG is not the standard for determining a violation of the FCRA. Def. Reply at 5.

Slaughter claims that the $25.00 amount was inaccurate at the time of the dispute and that industry standards, as provided by the CRRG, require reporting a zero balance for accounts that have been paid. Pl.'s Opp'n Mot. Dismiss ("Pl. Opp."), ECF No. 35 at 5; ECF No. 35-1 at 8. To establish liability, Slaughter claims she does not need to prove that Seventh's reporting is "misleading," if she can show it is patently inaccurate. Pl. Opp. at 6–11.

If a consumer notifies a consumer reporting agency ("CRA") that she disputes information contained in her credit report, FCRA requires the CRA to notify the company furnishing the information, the furnisher. 15 U.S.C. § 1681i(a)(2). Under the FCRA, the furnisher must: (1) conduct an investigation reviewing all relevant information provided by the CRA; (2) report the results of the investigation to the CRA; (3) if the information is incomplete or inaccurate, the furnisher must report the results of the investigation to all other CRAs to which the furnisher

4

furnished the information, and (4) if the information is inaccurate or incomplete, the furnisher must modify, delete, or permanently block the reporting of that information. 15 U.S.C. § 1681s-2(b)(1).

"A report is inaccurate when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to [have an] adverse [] effect." *Dalton v. Capital Assoc. Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001) (quotations and citations omitted). Thus, the Fourth Circuit has held that "a consumer report that contains technically accurate information may be deemed inaccurate if the statement is presented in such a way that it creates a misleading impression." *Saunders v. Branch Banking and Trust Co. of VA*, 526 F.3d 142, 148 (4th Cir. 2008) (citation and quotation marks omitted).

To state a claim under 15 U.S.C. § 1681s-2(b), Slaughter must allege:

> (1) that [s]he notified a consumer reporting agency that [s]he disputed the accuracy of information in h[er] consumer report; (2) that the consumer reporting agency notified [the furnisher] of Plaintiff's dispute; and (3) that [the furnisher] failed to adequately investigate after receiving the notice from the consumer reporting agency.

*Rossman v. Lazarus*, No. 1:08-cv-316, 2008 WL 8958318, at *4 (E.D. Va. Oct. 7, 2008). If Slaughter does not allege facts allowing a plausible inference that her credit report contains inaccurate, incomplete, or misleading information, the claim fails. *Hinton v. Trans Union, LLC*, 654 F. Supp. 2d 440, 451 (E.D. Va. 2009).

Seventh argues Slaughter has not alleged the reported information was inaccurate or misleading. Def. Brief 4–5. Seventh relies on several cases granting motions to dismiss FCRA claims that credit reports showing a historical monthly payment, but also reporting that the account had been charged off, closed, or paid in full, with a $0.00 balance, and finding such reports were not inaccurate or misleading. *See Martin v. Equifax Info. Servs., LLC*, No. 4:19-CV-3691, 2020 WL 1904496, at *2 (S.D. Tex. Apr. 17, 2020) ("With such additional notations that the account

5

had been charged off and closed, the disputed trade line was not so misleading as to be inaccurate."); *Rodriguez v. Trans Union LLC*, No. 1:19-CV-379-LY, 2019 WL 5565956, at *3 (W.D. Tex. Oct. 28, 2019) (holding a report showing a historical monthly payment of $345.00, which "plainly states" the account was "Charged Off," "Paid in Full," and had a "$0" balance, was not "inaccurate or misleading in any way"); *Meeks v. Equifax Info. Servs., LLC*, No. 1:18-CV-03666-TWT-WEJ, 2019 WL 1856411, at *5–6 (N.D. Ga. Mar. 4, 2019) (holding that where an "account is clearly reported as closed, charged-off, purchased by another lender, and with a $ 0 balance," "[t]he mere presence of historical monthly payment terms neither causes confusion nor creates an inaccuracy."), *report and recommendation adopted*, No. 1:18-CV-3666-TWT, 2019 WL 1856412 (N.D. Ga. Apr. 23, 2019); *Gibson v. Equifax Info. Servs., LLC*, No. 5:18-CV-00465-TES, 2019 WL 4731957, at *4 (M.D. Ga. July 2, 2019) (same).

In all but one of these cases, the court had a copy of the relevant reported information when ruling on the motion to dismiss. *See Rodriguez*, 2019 WL 5565956, at *3; *Meeks*, 2019 WL 1856411, at *5; *Gibson*, 2019 WL 4731957, at *4. In *Martin*, the court relied on plaintiff's indication that the report included "charged off and closure notations" when finding that the reported historical payment amount was not inaccurate or misleading. 2020 WL 1904496, at *2.

One district court in the Fourth Circuit has found allegations similar to those made by Slaughter to be sufficient to plead a claim under the FCRA. *Burns v. Trans Union, LLC*, No. 4:18-03120-MGL, 2019 WL 3890833, at *4 (D.S.C. Aug. 19, 2019). After the defendant in *Burns* reported a $70.00 monthly payment on an account that was "closed and charged off," Burns sent a letter to the CRAs disputing the tradeline and received investigation results indicating the CRAs refused to report the scheduled payment as $0.00. *Id.* at *1. The court found Burns' claim that

6

the inaccurate reporting created a misleading impression affecting her ability to obtain credit was sufficient to state a claim for relief. *Id.* at *3–4.[1]

In a similar case, where plaintiff asserted defendant inaccurately reported an "erroneous scheduled monthly payment" even though the account was "charged off and closed," a motion to dismiss was denied because the court did not have the credit report and could not "view the entirety of [the] account to determine that the single field at issue [was] accurate." *Lovelace v. Equifax Info. Servs. LLC*, No. CV-18-04080-PHX-DWL, 2019 WL 2410800, at *3–4 (D. Ariz. June 7, 2019); *see also Jackson v. Equifax Info. Servs., LLC*, No. 5:18-CV-00271-TES, 2019 WL 179570, at *4 (M.D. Ga. Jan. 11, 2019) (finding plaintiff's allegations that CRA continued to report a monthly payment amount for an account that was closed "raise[d] a plausible claim that the [CRA] credit disclosure was materially misleading").

Slaughter's credit report is not attached to the amended complaint, and is not before the Court. It is unclear whether Slaughter's report indicated the account was charged off, closed, or paid in full, with a $0.00 balance, or how this information was presented in relation to the statement regarding the monthly payment notation. A review of the report in its entirety will be necessary to determine whether reporting the monthly payment is inaccurate or "creates a misleading impression." *See Saunders*, 526 F.3d at 148.

Slaughter's assertion that Seventh is inaccurately reporting a monthly payment on an account that is closed with a $0.00 balance, and has refused to correct this report after Slaughter disputed the tradeline without sufficient investigation, is sufficient to plead a claim under 15 U.S.C. § 1681s-2(b).

---

[1] There is no indication in the opinion that the court had access to the credit report at the time of the decision. *Burns*, 2019 WL 3890833, at *1–4.

## V. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that Seventh Avenue's motion to dismiss, ECF No. 33, be **DENIED**.

## VI. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
August 12, 2020